# SEVENTH CIRCUIT APPEAL INFORMATION SHEET

*Include names of all plaintiffs(petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.*

District:   **SOUTHERN DISTRICT OF ILLINOIS**           Docket No.:   02-4160-JPG
Division:   Benton

| **Plaintiff** (*Petitioner*) | **Short Caption** | **Defendant** (*Respondent*) |

*Russell, et al. V Harms, et al*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Counsel for Plaintiff** *(Petitioner):*                **Counsel for Defendant** *(Respondent):*
*(Use separate sheet for additional counsel)*

Pamela Lacey                                William E. Jarvis
Generally Admitted                          Illinois Attorney General's Office - Springfield
123 East Main Street                        Generally Admitted
P.O. Box 39                                 500 South Second Street
Benton, IL 62812                            Springfield, IL 62706
618-439-6300                                217-785-4555
Email: placey@onemain.com                   Email: Wjarvis@atg.state.il.us

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judge:         J. Phil Gilbert            Nature of Suit Code:          440
                                          Date Filed in District Court: 8/9/02
Court Reporter: Jane McCorkle             Date of Judgment:             4/1/04
                301 W. Main               Date of Notice of Appeal:     4/20/04
                Benton, IL 62812

Counsel:        ☐ Appointed          ☒ Retained

Fee Status:  ☒ Paid    ☐ Due    ☐ IFP    ☐ IFP Pending    ☐ U. S.    ☐ Waived
             (Please mark only 1 item above)

Has Docketing Statement been filed with the District Court's Clerk's Office:    ☒ Yes   ☐ No

If 28 U.S.C.§2254 or 28 U.S.C. §2255, was certificate of appealability: ☐ Granted  ☐ Denied  ☐ Pending

If certificate of appealability was granted or denied, what is the date of the order: _____

If Defendant is in Federal custody, please provide United States Marshal number (USM#):

IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEAL PURSUANT TO CIRCUIT RULE 3(a).

AP-2
(3-99)



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
**301 West Main Street**
**Benton, IL 62812**
**618/439-7760**

Norbert G. Jaworski
Clerk of Court

April 20, 2004

Re:  Russell, et al. V Harms, et al
     02-4160-JPG

The attached copy of the Notice of Appeal is being mailed to all parties pursuant to F.R.A.P. 3(d). The record on this appeal is due to be prepared on or before **5/6/04**.

For your convenience, a copy of Rule 10 of the United States Court of Appeals for the Seventh Circuit is attached to this letter.

Circuit Rule 10 provides that the entire record minus certain miscellaneous procedural pleadings be forwarded to the Court of Appeals. If any of the automatically excluded items need to be included in the record, counsel has ten (10) days from the filing of the notice of appeal to so inform the Clerk of the district court by **specifying which items are so required and the dates of their filing**. Please respond to the following office location:

 U.S. Clerk's Office
301 West Main Street
Benton, IL 62812
Ph: (618) 439-7760

 U.S. Clerk's Office
750 Missouri Avenue
P. O. Box 249
East St. Louis, IL 62202
Ph: (618) 482-9371

Counsel must ensure that exhibits to be included in the record which are not in the possession of the District Court Clerk are furnished to the Clerk within ten (10) days after the filing of the Notice of Appeal.

F.R.A.P 10(b) requires that within ten (10) days of the filing of the Notice of Appeal, the appellant order a transcript of such parts of the proceedings not already on file which he deems necessary for the record **from the Court Reporter**. Should appellant order less than the entire transcript, he is required to file and serve on appellee a description of the parts he intends to order. Under such circumstances, appellee has ten (10) days after service within which to order any additional parts of the transcript.

**NORBERT G. JAWORSKI**
**CLERK OF COURT**

BY: s/ Judith Prock, Deputy Clerk

cc: All Attorneys of Record
    Court Reporter

AP-2
(3-99)

**CIRCUIT RULE 10.   Preparation of Record in District Court Appeal**

      **(a)** *Record Preparation Duties*.   The clerk of the district court shall prepare within 14 days of filing the notice of appeal the original papers, transcripts filed in the district court, and exhibits received or offered in evidence (with the exceptions listed below).  The transcript of a deposition is "filed" within the meaning of this rule, and an exhibit is "received or offered," to the extent that it is tendered to the district court in support of a brief or motion, whether or not the rules of the district court treat deposition transcripts or exhibits as part of the record.  These materials may be designated as part of the record on appeal without the need for a motion under Fed. R. App. P 10(e).  Counsel must ensure that exhibits and transcripts to be included in the record which are not in the possession of the district court clerk are furnished to the clerk within ten days after the filing of the notice of appeal.  The following items will not be included in the record unless specifically requested by a party by item and date of filing within ten days after the notice of appeal is filed or unless specifically ordered by this court:

          briefs and memoranda,
          notices of filings,
          subpoenas,
          summonses,
          motions to extend time,
          affidavits and admissions of service and mailing,
          notices of settings,
          depositions and notices,
          and jury lists.

      **(b)**  *Correction or Modification of Record*.  A motion to correct or modify the record pursuant to Rule 10(e). Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof shall be presented first to the district court.  That court's order ruling on the motion will be transmitted to this court a part of the record.


**CIRCUIT RULE 11.   Record on Appeal**

      **(b)** *Transcript and Other Supplemental Transmissions*.   When trial or hearing transcripts, or other parts of the record, are filed with the clerk of the district court (or exhibits that have been retained in the district court for use in preparation of the transcript are returned to the clerk) after initial transmission of the record, they shall be immediately transmitted to this court and filed as a supplemental record without the requirement of the court's order.  This immediate transmission meets the requirements of Rule 11(b), Fed. R. App. P., that the court reporter notify the clerk of the court of appeals that the transcript has been filed with the clerk of the district court.



**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF ILLINOIS
**301 West Main Street**
**Benton, IL 62812**
618/439-7760

Norbert G. Jaworski
Clerk of Court

# NOTICE TO APPELLANTS

(As of December 1, 1997)

You are hereby advised that Circuit Rule 3 of the Rules of the U.S. Court of Appeals for the Seventh Circuit has been amended. For your convenience, a portion of new Circuit Rule 3 is set forth below:

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement

(a) *Forwarding Copy of Notice of Appeal*. When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, finding of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee*. If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement*. The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven day s of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(b). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of the ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

**NORBERT G. JAWORSKI, CLERK**
**U.S. DISTRICT COURT**

AP-2
(3-99)



# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS
**301 West Main Street**
**Benton, IL 62812**
**618/439-7760**

**Norbert G. Jaworski**
**Clerk of Court**

April 20, 2004

Gino J. Agnello, Clerk
United States Court of Appeals
 for the Seventh Circuit
219 South Dearborn Street, Room 2722
Chicago, IL  60604

Re:   Russell, et al. V Harms, et al
       Trial Court No: 02-4160-JPG

Dear Mr. Agnello:

We enclose pursuant to Circuit Rule 2 the following documents:

☒  Notice of Appeal

☒  Seventh Circuit Appeal Information Sheet

☒  Docketing Statement

☒  Judgment

☒  Order

☒  Docket Sheet

☐  Other

　　　　　　　　　Sincerely,

　　　　　　　　　NORBERT G.  JAWORSKI
　　　　　　　　　CLERK OF COURT


　　　　　　　　　By s/   Judith Prock, Deputy Clerk

AP-2
(3/99)



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
301 West Main Street
Benton, IL 62812
618/439-7760

Norbert G. Jaworski
Clerk of Court

TO THE APPELLANT:

Attached please find the Seventh Circuit Transcript Information Sheet. Pursuant to Rule 10(b) and 11(b), Federal Rules of Appellate Procedure, "Counsel and court reporters are to utilize this form prescribed by this court when ordering transcript or certifying that none will be ordered".

This form must be returned to the court reporter of record within ten (10) days of filing the notice of appeal. Please retain one copy for your files.

Further be advised that pursuant to Circuit Rule 3(c), the appellant "must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement shall comply with the requirements of Circuit Rule 28(b). If the appellee disagrees with the docketing statement in that it is not complete and correct, the appellee shall provide a complete one to the court of appeals clerk within twenty-one (21) days after the date of the filing of the notice of appeal."

                            NORBERT G. JAWORSKI
                            CLERK OF COURT

AP-2
(3/99)